IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-12-0364 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
GRANTING DEFENDANT'S MOTION TO DISMISS**

Pending in this case that has been referred pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) is Defendant Bank of America, N.A.'s Rule 12(b)(6) Motion to Dismiss (Document No. 2). Having considered that motion, the response, Defendant's reply, the allegations in Plaintiff's pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 2) be GRANTED.

**I.      Procedural History**

Plaintiff Morlock, L.L.C., ("Morlock") filed suit against Defendant Bank of America, N.A. ("BofA") in the Harris County Civil Court at Law No. One of Harris County, Texas, Cause No. 1007011, seeking to enjoin foreclosure proceedings on property located at 5368 Brownway Street, Unit C32, Houston, Texas 77056 (hereafter referred to as the "Property"). In the Original Petition and Application for Temporary Restraining Order that was filed in state court, Morlock alleged that BofA had no right to post the Property for foreclosure and that BofA was not the valid owner or holder of the note on the Property. Morlock sought a judgment striking and canceling "the Deed of

Trust as a cloud on Morlock's title to the property" and an injunction preventing BofA from interfering with Morlock's possession of the property.

BofA removed the case to this Court on the basis of diversity, and shortly thereafter filed a Rule 12(b)(6) Motion to Dismiss. In that Motion to Dismiss, BofA argues that Morlock has not stated a claim to quiet title on the property, that Morlock has no standing to challenge the assignment of the note by MERS [Mortgage Electronic Registration Systems] to BofA, and that there are no facts asserted that would warrant either declaratory or injunctive relief. Morlock has filed a response to the Motion to Dismiss, and has requested therein, leave to amend. BofA, in its Reply, argues that Morlock's proposed amendment cannot save its claim from dismissal under Rule 12(b)(6).

II.     **Rule 12(b)(6) Standard**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct.

at 1949 (quoting *Twombly*, 550 U.S. at 557)).  Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss.  *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Iqbal*, at 1950.  It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief."  *Iqbal*, at 1950.

**III.   Discussion**

Bank of America has submitted with its Motion to Dismiss a copy of the Deed of Trust, the Assignment of the Deed of Trust by MERS to BofA, and the Condominium Declaration for Nine Oaks.  These documents, because they are all matters of public record, having been filed in Public Records of Harris County, Texas, may properly be considered in connection with a Rule 12(b)(6) Motion to Dismiss.  *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

Morlock alleges in its state court Petition that it is the owner of the property located at 5368 Brownway, Unit C-32, Houston, Texas 77056; that "[t]he Deed of Trust, although appearing valid on its face, is invalid and of no force or effect because . . . MERS was not the holder of the original note that was secured by the Deed of Trust"; that "the assignment by MERS was not valid" and that

as a consequence BofA "is not and was not the owner of the Note [on the property] and, therefore, has no right or authority to post the Property for a Trustee's sale;" that "[t]he posting of the Deed of Trust is also invalid because Morlock was not given notice of the Substitute Trustee's Sale"; that "Morlock acquired its ownership interest pursuant to the foreclosure of a lien which was created by the Condominium Declaration for Nine Oaks;" and that "[b]ecause the Declaration was created and recorded prior to the Deed of Trust, it is superior to the lien claimed by Defendant [BofA]." Plaintiff's Original Petition, and Application for Temporary Restraining Order at 1-3, attached to Defendant's Notice of Removal as Document No. 1-3 (hereafter referred to as "Petition"). BofA argues that Morlock's allegations fail to state a claim because: (1) MERS, who was included in the Deed of Trust as the "nominee for Lender and Lenders's successors and assigns," had the authority to assign the Deed of Trust to BofA; (2) that Morlock, because it was not a party to the Deed of Trust or the assignment, has no standing to challenge the assignment of the Deed of Trust to BofA; and (3) that Morlock, because it acquired the Property subject to the liens on the Property, including BofA's lien, cannot state a claim to quiet title to the Property.

Morlock's response to BofA's Motion to Dismiss makes it clear that Morlock is asserting only a claim to quiet title to the Property, and is seeking both declaratory and injunctive relief. (Document No. 7 at 2, 4-6). "A suit to clear title or quiet title– also known as a suit to remove cloud from title – relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, ___ S.W.3d ___, 2012 WL 1071231 *19 (Tex. App. – Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.–Houston [1st Dist.] 2009, review

4

denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)).  The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. " *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507 *3 (Tex. App.–Houston [1st Dist.] 2011).  At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.*  A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

    Here, the Deed of Trust, the assignment of the Deed of Trust and the Condominium Declaration (Document Nos. 2-3, 2-4 and 2-5), all of which are matters of public record, and all of which can properly be considered in connection with BofA's Motion to Dismiss, show that MERS had the authority to assign the Deed of Trust, that MERS assigned the Deed of Trust to BofA, and that any interest in the Property that Morlock obtained by virtue of the foreclosure of the homeowner/condominium association's lien[1] is subordinate to BofA's mortgage lien on the Property. In particular, the Deed of Trust, which named AMCAP Mortgage, Ltd as the lender, and Robert B. Ferguson as the purchaser, identified MERS as a "separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns" and as "the beneficiary under th[e]

---

[1] According to the allegations in the Petition, Morlock "acquired its ownership interest [in the Property] pursuant to the foreclosure of a lien which was created by the Condominium Declaration for Nine Oaks, recorded in Volume 116, Page 23 and Volume 119, Page 116, et seq, of the Condominium Records of Harris County, Texas (the "Declaration").  Petition at 3.

Security Agreement." (Document No. 2-3 at page 2 of 15). In addition, the assignment of the Deed of Trust to BofA reveals that MERS, as the holder of the Deed of Trust for the original lender, AMCAP Mortgage, Inc., assigned the Deed of Trust to Bank of America, N.A. on September 10, 2011. (Document No. 2-4 at page 2 of 3). Finally, the Condominium Declaration, regardless of whether it was executed prior to the execution of the original note and Deed of Trust on December 15, 2006, provides as follows with respect to the superiority of mortgage liens over homeowners/condominium association liens:

> 24.   ASSESSMENT LIEN.  All sums assessed by either regular or special assessments but unpaid for the share of common expenses chargeable to any condominium unit, including interest thereof [sic] at ten (10%) per cent per annum, shall constitute a lien on each unit superior (prior) to all other liens and encumbrances, *except* only for:
>
>> (a)   Tax and special assessment liens in favor of any assessing unit, and
>
>> (b)   *All sums unpaid on a first mortgage or first deed of trust of record*, including all unpaid obligatory sums as may be provided by such encumbrance, and including additional advances made thereon prior to the arising of such lien.

(Document No. 2-5 at 4 of 28, emphasis added).

The Deed of Trust, the assignment of the Deed of Trust, and the Condominium Declaration, taken together with the allegations in Plaintiff's Petition, negate the elements of Morlock's quiet title claim. Based on the contents of the Deed of Trust and the assignment of the Deed of Trust, BofA's facially valid claim to the Property is not, and cannot be found, invalid or unenforceable based on the improper assignment allegations in Morlock's petition. Moreover, to the extent Morlock believes that the person who signed the assignment for MERS did not have the authority to do so, Morlock cannot, as a matter of law, challenge the assignment on this basis. Only those who are

6

parties to an assignment can raise such challenges. *Eskridge v. Fed. Home Loan Mortgage Corp.*, 2011 WL 2163989 *5 (W.D. Tex. 2011); *Woods v. Bank of America*, 2012 WL 1344343 *5 (N.D. Tex. 2012). In addition, given the contents of the Condominium Declaration, which provides that mortgage liens are superior to liens arising from the Condominium Declaration, Morlock has not, and cannot, establish the strength of his title vis-a-vis BofA. Accordingly, Morlock's quiet title claim is subject to dismissal under Rule 12(b)(6). *See e.g. Bell v. Bank of America Home Loan*, 2012 WL 568755 *7 (S.D. Tex. 2012) (dismissing quiet title claim where Plaintiff alleged "no facts to support a superior title claim"); *Woods*, 2012 WL 1344343 *9 (dismissing quiet title claim under Rule 12(b)(6) where "MERS had legal capacity to transfer its interests to BAC"); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *3 (N.D. Tex. 2012) (same); *Ray v. Citimortgage, Inc.*, 2011 WL 3269326 *4-5 (W.D. Tex. 2011) (dismissing quiet title claim where complaint contained no allegations regarding the strength of the plaintiff's title to the property).

In addition, while amendments are generally allowed when claims are subject to dismissal under Rule 12(b)(6), here, Morlock's proposed amendment does not, and cannot, overcome the contents of the Deed of Trust, the assignment of the Deed of Trust, and the Condominium Declaration, all of which defeat any allegation or claim Morlock may have that its interest in the property is not subject to BofA's lien. Thus, even if the amendment Morlock proposes were allowed,[2] dismissal of Morlock's quiet title claim would still be warranted.

---

[2] In the proposed amendment, Morlock would not expand on his claim and the allegations in support thereof, but would, instead, truncate his allegations to nothing more than the following:

> 7. On December 15, 2006, Robert B. Ferguson, Jr. Executed and delivered a promissory note (the "note") in the original principal sum of $213,988.00, payable to the order of AMCAP Mortgage, Ltd. whose address is 2539 S. Gessner, Suite 20, Houston, Texas 77063.

As for Morlock's claim to declaratory and injunctive relief, in the absence of a viable substantive claim, such relief is not available. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Here, the only substantive claim asserted by Morlock is to quiet title to the

---

8. To secure the Note, Robert B. Ferguson, Jr. executed a Deed of Trust (the "Deed of Trust") on the Property, which was recorded in the Real Property Records of Harris County, Texas. A copy of the Deed of Trust is attached to Defendant's Motion to Dismiss.
9. The Deed of Trust was filed of record under Clerk's File Number 20060269863 in the Real Property Records of Harris County, Texas. This Deed of Trust was allegedly assigned to Defendant, Bank of America, not by AMCAP Mortgage, Ltd., but by MERS.
10. On information and belief, the documents which purport to transfer the Note and lien to defendant were signed by a person(s) who were not authorized to sign the documents. The Note and lien did not properly transfer the Note and lien to Defendant Bank of America so that Defendant Bank of America is not the owner and holder of the Note. Because Bank of America is not the owner and holder of the Note it cannot enforce the Deed of Trust lien.

Plaintiff's proposed First Amended Complaint (Document No. 7-1).

Property. As that claim cannot survive dismissal under Rule 12(b)(6), Morlock's request for declaratory and injunctive relief must be dismissed as well.

### IV.   **Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Plaintiff has not and cannot state a plausible claim under Texas law to quiet title to the property located at 5368 Brownway Street, Unit C32, Houston, Texas 77056, the Magistrate Judge

RECOMMENDS that Defendant's Rule 12(b)(6) Motion to Dismiss (Document No. 2) be GRANTED and that Plaintiff's claims in this case be DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 8thday of May, 2012.

Frances H. Stacy
United States Magistrate Judge